IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

OTIS MCCRAY                                                                                              PLAINTIFF

V.                                                                        CIVIL ACTION NO.4:09CV106-SA-JAD

FRED MOORE AND LARRY TERRY                                                                    DEFENDANTS

REPORT AND RECOMMENDATION

An evidentiary hearing was held in this matter before the undersigned on November 30, 2010. The plaintiff testified that when he did not report to work in the field on August 27, 2009, the two defendants handcuffed him and took him to the captain's office. While restrained each struck him and Terry kicked him more than once. McCray testified that he did nothing to provoke the attack. He reported that he had suffered bruising to his right temple and around the eye. McCray reported that Moore took him to the clinic for treatment after the attack. He claims he has had headaches and blurring of his vision since this incident; difficulties that he attributes to the attack. He was seen by an optometrist who prescribed glasses for his vision problems. His medical records were introduced as Defendant's Exhibit 2. The plaintiff rested his case.

Tara James, the internal affairs coordinator, who testified to for the defense on her investigation of the reported attack on McCray. She interviewed the plaintiff, the defendants, Gwendolyn Fair and one other corrections officer. She testified that the plaintiff said that Fair had seen him in handcuffs being taken to the captain's office. Fair denied that she knew anything about McCray being assaulted. James ultimately recommended that the case be closed finding insufficient evidence to support the plaintiff's charge. Her report of her investigation was introduced as Defense Exhibit 1.

Dr. Heinz Schaefer, a Wexford employee employed at Parchman, testified to his review of the plaintiff's medical records. He testified to the injuries shown in the plaintiff's medical records and candidly admitted that they were consistent with the attack reported by the plaintiff but could likewise have had other causes. He testified that x-rays taken at the time showed the plaintiff had not suffered any fractures. The doctor testified that McCray's headaches and blurry vision could be symptoms of a concussion, but that he did not believe McCray had suffered any internal head injury. He reported that the plaintiff had been classified as a malingerer and as suffering from an adjustment disorder with mixed depression and anxiety. The medical records also show more serious mental health conditions with reports of the plaintiff suffering from visual and auditory hallucinations.

Fred Moore testified that he had just been assigned to Unit 29 a few weeks prior to the alleged assault. He not only denied attacking the plaintiff, but denied knowing who McCray was until after the accusation was made against him. His job does require him to make inquiries of each inmate who fails to report to work. Sometime this is done in the office and sometime outside the inmates' cell. He denied having any recollection of any interaction with McCray on the day of the incident and denied that he took McCray to the clinic for medical care after the incident.

Larry Terry likewise denied knowing who McCray was prior to the accusations being made against him. He testified that he always worked in L building, while McCray is housed in K building. He testified positively that he never goes into or works at K building. He denied having had any interaction with McCray and denied that he ever struck him.

The undersigned credits McCray's report that he was subjected to the unprovoked assault as he reported. He was a credible witness whose injuries are confirmed in the medical records from the date of the incident. Schaeffer confirms that the injuries are consistent with the reported attack.

Initially the undersigned had some doubts, in the face of the defendants' denials, about whether McCray might be mistaken about the identity of his attackers. However, the report of Tara James, introduced by the defense, establishes that she talked to another corrections officer about the reported attack, one Terry Washington. While Washington claimed that McCray did not appear injured when he saw him, Washington confirmed McCray's report by placing him in the company of both Moore and Terry on the morning of the incident and placing him in the office with these defendants on the date of the incident.

This exhibit also states that Terry told James that while he normally works in L building, he occasionally works in K building and might have worked there on the day of the incident. The report states that Moore was in K Building building between 7:00 a.m. and 8:19 a.m on the day of the incident. At 7:26 a.m. McCray made a recorded phone call in which he reported being assaulted by officers. At about 8:30 a.m. McCray was taken to the clinic for treatment of his injuries. Crediting that McCray was assaulted, the evidence is sufficient to prove by a preponderance of the evidence that McCray has correctly identified the culprits. The undersigned therefore recommends that the plaintiff be awarded damages against the defendants for this attack.

The undersigned finds that the only injuries proven to be connected to the assault on McCray are the bruises and swelling reported in his initial visit with doctor on the day of the assault. The court notes that there is no indication of any further complaints from McCray about his injuries from August 27, 2009 until a sick call request more than a month later. At that time McCray complained of head pain, ear swelling and seeing spots. While according to Schafer headaches and blurry vision can be symptoms of a concussion, given the delay in reporting any additional symptoms, the court credits Schafer's testimony that McCray did not suffer any internal head injury as a result. McCray suffered bruising and swelling on the right side of his face and around his right eye. He had

pain and swelling over his sacrum. He was treated with with Ibuprofen which should have provided adequate pain relief. His injuries would be expected to subside and resolve within a short time. The undersigned recommends that the plaintiff be given a verdict against the defendants for $ 200.00, plus all costs of court. Given that the defendants acted in concert, they should be jointly and severally liable.

The parties are referred to 28 U.S.C. § 636(b)(1) and Local Rule 72(a)(3) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within fourteen days of this date. Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court. *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Petitioner is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within fourteen days of this date. Petitioner is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order of the court.

This the 16th day of February, 2011.

/s/ JERRY A. DAVIS
UNITED STATES MAGISTRATE JUDGE